# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND; By and Through DENNIS HELLENBERG and TOM MCNEIL, In their Capacities as Co-Chairmen of the Board of Trustees; <br><br> and <br><br> IRON WORKERS ST. LOUIS DISTRICT COUNCIL ANNUITY TRUST FUND, By and Through DENNIS HELLENBERG and BILL BRENNELL, In their Capacities as Co-Chairmen of the Board of Trustees; <br><br> and <br><br> IRON WORKERS ST. LOUIS DISTRICT COUNCIL WELFARE FUND, By and Through DENNIS HELLENBERG and TOM MCNEIL,, In their Capacities as Co-Chairmen of the Board of Trustees, <br><br>       Plaintiffs, <br><br>   vs. <br><br> SCROGGINS CONSTRUCTION, LLC, <br><br> Serve:   Barry Scroggins <br>            25 S. Minnesota <br>            Cape Girardeau, Missouri 63701 <br><br>       Defendant. | Cause No. |

## **COMPLAINT**

COME NOW Plaintiffs, by and through undersigned Counsel, and for their Complaint against Defendant, state as follows:

1

## **PARTIES**

1. Plaintiff, the Iron Workers St. Louis District Council Pension Trust Fund (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1), (3), 1132 and 1145.  Dennis Hellenberg (hereinafter "Hellenberg") and Tom McNeil (hereinafter "McNeil") are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA Plan.

2. Plaintiff, the Iron Workers St. Louis District Council Annuity Trust Fund ("Annuity Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. Hellenberg and Bill Brennell (hereinafter "Brennell") are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA Plan.

3. Plaintiff, the Iron Workers St. Louis District Council Welfare Fund ("Welfare Fund"), is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. Hellenberg and McNeil are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA Plan.

4. Together, the Pension Fund, the Annuity Fund, and the Welfare Fund shall be referred to as the "Plaintiff Funds."

5. Defendant is a Missouri corporation which maintains its principal place of business within this judicial district.

6. Defendant is and at all relevant times has been an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, as amended 29 U.S.C. §§ 1002(5), (11), (12) and 1145.

## JURISDICTION AND VENUE

7. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). 29 U.S.C. §§ 1132 and 1145. The Court has jurisdiction over the subject matter of the action pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the Plaintiff Funds are administered within the jurisdiction of the United States District Court, Eastern District of Missouri, Eastern Division.

## COUNT I – SUIT FOR FRINGE BENEFIT CONTRIBUTIONS

9. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. Defendant is an employer engaged in an industry effecting commerce which entered into a Collective Bargaining Agreement ("CBA") with the International Association of Bridge, Structural and Ornamental Ironworkers Local No. 782 ("Union").

11. On June 21, 2016, Defendant entered into a Participation Agreement with the Plaintiff Funds. A copy of the Participation Agreement is attached as Exhibit 1.

12. Through the CBA and the Participation Agreement, Defendant became bound by the provisions of the Trust Agreements governing the Plaintiff Funds.

13. Pursuant to the CBA and Trust Agreements, Defendant is required to make monthly reports of hours worked by covered employees and pay contributions to the Plaintiff Funds at the negotiated rate.  The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), and provisions of the CBA and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the Plaintiff Funds on a timely basis are responsible for the payment of liquidated damages equal to 10% (ten percent) of the amount of unpaid contributions and interest at the rate of 1.5% (one and a half percent) per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

15. Defendant failed to timely submit contribution reports and the associated payments for work within the jurisdiction of Local 782 for the months of July, August, and September 2016 in an unknown amount.

16. As a result of its failure to timely submit contribution reports and contributions to the Plaintiff Funds, Defendant will owe liquidated damages in an unknown amount.

17. A payroll compliance audit is necessary so Plaintiffs can determine the full extent of damages owed by Defendant.

18. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendant.

19. Plaintiffs have complied with all conditions precedent in bringing this suit.

20. Defendant is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBAs, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant ordering it to turn over contribution reports and contribution payments in an unknown amount for the months of July, August, and September 2016;

B. Judgment be entered in favor of Plaintiffs and against Defendant for liquidated damages in an unknown amount for failure to timely submit contribution reports and contribution payments for the months of July, August, and September 2016;

C. That Defendant be ordered to make available its books and records to the Plaintiff Funds' auditor for a payroll compliance audit;

D. That Judgment be entered against Defendant for any contributions and liquidated damages found to be due and owing in addition to Paragraphs A and B above;

E. That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

F. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant's cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully submitted,

HARTNETT GLADNEY HETTERMAN, L.L.C.


 /s/  Michael A. Evans
Michael A. Evans, No. 58583MO
4399 Laclede Avenue
St. Louis, MO  63108
(314) 531-1054 (tel.)
(314) 531-1131 (fax)
mevans@hghllc.net

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 7, 2016, a copy of the foregoing was mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 1500 Pennsylvania Avenue, N.W., Washington, D.C. 20220.


/s/ Michael A. Evans