UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | No. 4:16-CV-1735 CAS ) ) |
| SCROGGINS CONSTRUCTION, LLC, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, to collect delinquent fringe benefit contributions. Defendant is now located in Texas. Plaintiffs request that the Court authorize plaintiffs to serve the lawsuit upon defendant by posting the summons and complaint at defendant's owner's residence pursuant to the Texas Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(h) states that a corporation may be served in the same manner as an individual pursuant to Rule 4(e)(1). Rule 4(e)(1), in turn, states that service may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Texas Rule of Civil Procedure 106 allows a trial court to sign an order authorizing a substitute method of service of process, provided the plaintiff files a motion supported by proper affidavit. Tex. R. Civ. P. 106(b); Wilson v. Dunn, 800 S.W.2d 833, 834 (Tex. 1990). The supporting affidavit must state (1) the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found; and (2) the specific facts showing that traditional service at the location named in such affidavit has been attempted,

but has not been successful.  Brown Consulting & Assocs., Inc. v. Smith, 2013 WL 2316615, at *1 (Tex. App. May 28, 2013).

Service by posting summons and complaint at a defendant's address is appropriate pursuant to Texas Rule of Civil Procedure 106.  See, e.g., Perez v. Old W. Capital Co., 411 S.W.3d 66, 73 (Tex. App. 2013) ("Clearly, Jackson complied with the court's Rule 106 order by attaching the citation 'securely to the front door or entry way.'"); Mixon v. Nelson, 2016 WL 4429936, at *3 (Tex. App. Aug. 19, 2016) ("It is undisputed that the process server's Affidavit of Service stated that substituted service was accomplished under Rule 106 by posting the citation and petition to the front door of the property at 116 Cave Circle.").

Plaintiffs' process server has made numerous attempts to serve defendant at its owner's residential address, 737 Cherry Blossom Lane, Allen, Texas 75002.  During some of these attempts, a truck registered under defendant's owner's name was present in the driveway.  Plaintiffs' process server has attempted to arrange service with defendant's owner's wife.  However, all of these attempts have been unsuccessful.  Plaintiffs have provided an affidavit which identifies defendant's owner's address and their unsuccessful attempts at traditional service.  Therefore, this Court finds that plaintiffs may serve defendant through posting pursuant to the Texas Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to authorize service by posting pursuant to Rule 106 of the Texas Rules of Civil Procedure is **GRANTED**.  [Doc. 8]

**IT IS FURTHER ORDERED** that plaintiffs may effectuate service of defendant by posting a copy of the summons and complaint on the front door of its owner's residence, at 737 Cherry Blossom Lane, Allen, Texas 75002.

**SO ORDERED**:

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of January, 2017.