# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS ST. LOUIS DISTRICT COUNCIL PENSION TRUST FUND, et al., | ) ) ) | |
| v. | ) ) | No. 4:16-CV-1735 CAS |
| SCROGGINS CONSTRUCTION, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiffs bring the instant action seeking an accounting of the defendant employer's payroll records and a judgment for delinquent contributions owed to the plaintiff union employee benefit funds pursuant to a collective bargaining agreement. Pending before the Court is plaintiffs' Motion for Contempt based on defendant's failure to comply with the Court's Order of March 9, 2017, which ordered defendant Scroggins Construction, LLC to provide plaintiffs by April 10, 2017 the payroll registers and other documents needed to perform an audit for the period beginning June 21, 2016 to the present. No response has been filed to the Motion for Contempt and the time to do so has passed.

The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United

Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

Civil contempt proceedings may be employed in an ERISA case such as this to coerce the defendant into compliance with a court order or judgment, or to compensate the complainant for losses sustained, or both. Chicago Truck Drivers, 207 F.3d at 504-05. Either incarceration or a fine may accomplish the purpose of coercion; where compensation is intended, a fine is imposed payable to the complainant. Id.

The Court's contempt power also extends to non-parties who have notice of the Court's Judgment and the responsibility to comply with it, such as defendant's principal, Mr. Barry Scroggins. See Chicago Truck Drivers, id. at 507 (court's payment orders in ERISA case were binding upon the named corporate defendant's sole shareholder and corporate officer and agent, even though the order made no specific reference to him); see also Electrical Workers Pension Trust Fund v. Gary's Electric Serv. Co., 340 F.3d 373 (6th Cir. 2003) (owner of corporation, as an officer of the corporation responsible for its affairs, was subject to the court's contempt order just as the corporation itself was even though he was not a named defendant). Indeed, the Supreme Court of the United States, in a case where a corporate officer who failed to comply with a subpoena duces tecum was held in contempt of court, stated:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

Wilson v. United States, 221 U.S. 361, 376 (1911).

This Court has previously imposed compliance fines in similar ERISA delinquency collection cases and has ordered defendants to reimburse the plaintiffs for attorney's fees incurred in attempting to compel compliance with a Court order. See, e.g., Carpenters' Dist. Council of Greater St. Louis and Vicinity v. DLR Opportunities, Inc., 4:07-CV-61 CAS (E.D. Mo. Feb. 22, 2008) (imposing compliance fine of $100 per day on corporate defendant's president); Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96-CV-1582 CDP (E.D. Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96-CV-1073 ERW (E.D. Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). Incarceration has also been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Marvin Steele Enters., id. (ordering that a bench warrant issue for the arrest of the individual defendants).

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed based on the Affidavit of plaintiffs' attorney Michael A. Evans that defendant has not submitted the payroll registers and all other documents needed to perform an audit as ordered by the Court.

At this point, the burden shifts to defendant and its principal, Mr. Scroggins, to show an inability to comply with the Court's Order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, alleged contemnors defending on the ground of inability to comply must establish that (1) they were unable to comply, explaining why "categorically and

in detail;" (2) their inability to comply was not "self-induced;" and (3) they made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Scroggins Construction, LLC and its principal Mr. Barry Scroggins are ordered to show cause why they should not be held in contempt of Court for failure to produce payroll registers and all other documents needed to perform an audit for the period of June 21, 2016 to the present, as ordered by the Court on March 9, 2017.

**IT IS FURTHER ORDERED** that a hearing is set for **Thursday**, **June 22, 2017**, at **1:30 p.m.** in Courtroom No. 3-N of the Thomas F. Eagleton United States Courthouse, at which defendant Scroggins Construction, LLC and Mr. Barry Scroggins shall personally appear and may show cause why civil contempt sanctions should not be imposed against them for failure to comply with the Order of March 9, 2017. Because incarceration is a possible civil contempt sanction, Mr. Scroggins has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Mr. Scroggins to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that Mr. Scroggins shall bring with him to the hearing on **June 22, 2017** the payroll registers and all other documents of Scroggins Construction, LLC needed to perform an audit for the period of June 21, 2016 to the present.

**IT IS FURTHER ORDERED** that the United States Marshal's Service shall personally serve a copy of this order on Scroggins Construction, LLC and Mr. Barry Scroggins, principal of Scroggins Construction, LLC, at 737 Cherry Blossom Lane, Allen, Texas 75002, or wherever he may be found.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of April, 2017.